**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

BONANZA BEVERAGE COMPANY, a Nevada Corporation; CROWN BEVERAGES, INC., a Nevada corporation,

        Plaintiffs,

vs.

DESCHUTES BREWERY, INC. a foreign corporation,

        Defendant.

Case No.: 2:13-cv-01827-GMN-PAL

**ORDER**

Pending before the Court is the Motion for TRO that Plaintiffs filed in state court prior to Defendant's removal of this action.

**I.**     **BACKGROUND**

This case arises from the alleged termination of certain franchise agreements related to the wholesale distribution of alcoholic beverages. (Compl. ¶ 20, ECF No. 1-1.) As a result of the purported termination, Plaintiff filed a Complaint in state court alleging seven causes of action: (1) Breach of Plaintiffs' Statutory Rights — NRS § 597.120, *et seq.*; (2) Breach of Contract; (3) Contractual Breach of the Covenant of Good Faith and Fair Dealing; (4) Tortious Breach of the Covenant of Good Faith and Fair Dealing; (5) Intentional Interference with Prospective Economic Advantage; (6) Intentional Interference with Contractual Relations; and (7) Declaratory Judgment and Injunctive Relief. (*Id.* ¶ 33-76.) Although the state court initially set a hearing on Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction for September 26, 2013, (*see* Pet. for Removal Ex. D, ECF No. 1-5), the parties later stipulated to continue the hearing to October 23, 2013 (*see* Pet. for Removal Ex. E, ECF No. 1-5). Subsequently, Defendant Deschutes Brewery, Inc. ("Defendant") removed the case to this Court.

## II. DISCUSSION

Federal Rule of Civil Procedure 65 governs temporary restraining orders, and requires that a motion for temporary restraining order include "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written certification from the movant's attorney stating "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

Here, Plaintiffs have failed to carry its burden of establishing that the Court should enjoin Defendant without affording Defendant an opportunity to be heard. Given the parties' stipulation to continue the hearing on the instant matter for nearly one month, the Court concludes that Plaintiffs have not established that they will suffer irreparable injury by allowing Defendant an opportunity to oppose the issuance of an injunction. Accordingly, Plaintiffs' Motion for Temporary Restraining Order is DENIED. A hearing on Plaintiffs' pending motion for Preliminary Injunction is hereby set for October 23, 2013 at 9:00 AM.

## III. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Temporary Restraining Order, originally filed in state court, is **DENIED**.

**IT IS FURTHER ORDERED** that a hearing on Plaintiffs' pending motion for Preliminary Injunction is set for October 23, 2013 at 9:00 AM.

**DATED** this __8__ day of ____October____, 2013.

_____
Gloria M. Navarro
United States District Judge